IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| KEELY R. SMITH §<br>    *Plaintiff*, §<br>§<br>v. §<br>§<br>UNIVERSITY OF TEXAS RIO §<br>GRANDE VALLEY, and MERCY §<br>AZEKE, VERA RUIZ, MICHAEL §<br>JAMES, and GUY BAILEY, in their §<br>official capacities, §<br>    *Defendants*. § | Civil Action No. 7:21-cv-00278 |

**DEFENDANT UTRGV'S MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULES
OF CIVIL PROCEDURE 12(B)(1) AND 12(B)(6)**

Defendant The University of Texas Rio Grande Valley ("UTRGV") files this Motion to Dismiss Plaintiff's First Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) and respectfully request that this Court dismiss Plaintiff's claims against UTRGV with prejudice.

## I.    INTRODUCTION

Plaintiff Keely Smith was fired from her probationary position as an academic advisor at UTRGV's School of Medicine on April 9, 2018, for poor performance. UTRGV did not consider Plaintiff for any jobs to which she applied following her termination because of her previous performance issues. Over three years after her termination, Plaintiff filed this lawsuit claiming that UTRGV discriminated against her because of Plaintiff's alleged disability in violation of the ADA and Rehabilitation Act by not hiring Plaintiff for various positions. However, per Plaintiff's own Complaint—and her job applications—UTRGV's Human Resources Department ("HR") was unaware of Plaintiff's claimed disability. Plaintiff's alleged disability has nothing to do with her

unsuccessful job applications. She was not re-hired due to her previous performance issues.

Plaintiff's ADA claim against UTRGV is barred by sovereign immunity, and, as a result, this Court lacks subject-matter jurisdiction over it. Plaintiff's Rehabilitation Act claims against UTRGV fail as a matter of law because they are time-barred. Additionally, Plaintiff has failed to allege a *prima facie* case of disability discrimination. For these reasons, Plaintiff's claims against UTRGV should be dismissed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

## II.     FACTUAL BACKGROUND

On November 1, 2017, Plaintiff was hired as an academic advisor at UTRGV's School of Medicine on a probationary basis. Dkt. 5, ¶¶ 32, 55. Shortly after Plaintiff started the position, she began to "clash" with her supervisor. Dkt. 5, ¶ 34. Approximately six weeks into her new job, Plaintiff "confronted" her supervisor about criticizing her and in the process told her supervisor that she had ADHD but "could do good work." Dkt. 5, ¶ 37. Plaintiff does not allege that she requested an accommodation, that her supervisor had knowledge of her condition prior to this "confrontation," or that Plaintiff disclosed her ADHD condition to anyone else at UTRGV. In fact, Plaintiff asserts that her alleged disability was never reported to HR. Dkt. 5, ¶ 38.

Plaintiff's relationship with her supervisor did not change after the confrontation. Dkt. 5, ¶ 39. Plaintiff claims she complained about the continuing alleged "harassment" to the Associate Dean of Student Affairs, but Plaintiff does not allege that she disclosed her ADHD diagnosis to the Associate Dean. Dkt. 5, ¶¶ 41-42. At this meeting, Plaintiff's supervisor did raise concerns about Plaintiff's job performance. Dkt. 5, ¶ 43. Plaintiff subsequently received a poor 90-day performance evaluation. Dkt. 5, ¶¶ 48-49. She was terminated from her probationary employment on April 9, 2018, for failure to maintain satisfactory work performance standards. Dkt. 5, ¶ 55.

Plaintiff claims that other terminated UTRGV employees are referred for other positions

internally. Dkt. 5, ¶ 59. However, after Plaintiff was fired, she applied for numerous other jobs at UTRGV but was not interviewed for any of the positions. Dkt. 5, ¶¶ 59, 62. On July 11, 2018, Plaintiff emailed UTRGV's Chief Human Resources Officer. Dkt. 5, ¶¶ 60-61; **Exhibit A**.[1] In that email, Plaintiff admitted that the position with the School of Medicine "was not a good fit." Ex. A at 1. Plaintiff's email to HR also disclosed that on June 28, 2018, Plaintiff was informed that her applications would not be selected by HR to go to the hiring departments for review because she had been discharged from her former position. **Ex. A** at 2. HR responded to Plaintiff's July 11, 2018, email encouraging her to seek employment outside of UTRGV for the immediate future, but advised that Plaintiff "may be considered for employment with UTRGV, once you have had a sustained, successful employment experience elsewhere." **Ex. A** at 1; Dkt. 5, ¶ 61. Importantly, *nowhere in Plaintiff's July 11, 2018 email does she mention having a disability or being discriminated or retaliated against because of a disability.* **Ex. A**.

Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 14, 2020, alleging disability discrimination and retaliation. *See* **Exhibit B**.[2] In her EEOC Charge, Plaintiff indicated that HR informed her on July 11, 2018, that she should seek employment outside of UTRGV. **Ex. B** at 2. Plaintiff also asserted that she had applied for twenty-eight jobs since her termination but had not been interviewed for any of the positions, providing a

---

[1] Documents attached to a Rule 12(b)(6) motion to dismiss can be considered by the Court so long as they "are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). The July 11, 2018, correspondence, attached hereto as **Exhibit A**, satisfies both conditions.

[2] Documents contained in the EEOC administrative record are public records for which the court can take judicial notice and consider in a motion to dismiss. *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); *see also Prewitt v. Continental Automotive*, 927 F. Supp.2d 435, 447–48 (W.D. Tex. 2013) ("[A] court may take judicial notice of EEOC documents as a matter of public record when deciding a Rule 12(b)(6) motion."); *King v. Life Sch.*, 809 F.Supp.2d 572, 579 n. 1 (N.D. Tex. 2011) ("Even though the EEOC charge is a matter outside the pleading, judicial notice of it may be taken as a matter of public record when deciding a Rule 12(b)(6) motion, especially since its authenticity is uncontested."); *Kojin v. Barton Protec. Servs.*, 339 F. Supp.2d 923, 925 (S.D. Tex. 2004).

list of the twenty-eight positions she applied for and the date of her application. **Ex. B** at 2. Plaintiff's list shows that she applied for only three positions at UTRGV in the two years prior to filing her Complaint. **Ex. B** at 2. Plaintiff applied to be an Outreach Representative I and a College Readiness Coordinator on November 16, 2019. **Ex. B** at 2. She also applied to be an Academic Advisor I on December 2, 2019. **Ex. B** at 2. On each of these applications Plaintiff voluntarily disclosed and certified that she is not disabled. *See* **Exhibit C** at 15, **Exhibit D** at 15, and **Exhibit E** at 15).[3]

Despite Plaintiff admitting that HR was never made aware of her alleged disability, she now claims that UTRGV has discriminated and retaliated against her based on her disability by not hiring her for other positions at UTRGV. Plaintiff claims UTRGV "retaliated against [Plaintiff] in response to her complaints about harassment and in response to her opposition to being excluded from employment at UTRGV" in violation of the ADA. Dkt. 5, ¶ 1. Plaintiff claims UTRGV violated the Rehabilitation Act by "limiting, segregating, or classifying" Plaintiff in an adverse way when she sought employment and by processing her applications in a discriminatory fashion. Dkt. 5, ¶ 66.

### III.     MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION

**A.     Standard of Review**

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When the court lacks the statutory or constitutional power to adjudicate a case, the case is properly dismissed for lack of subject-matter jurisdiction. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309 (5th Cir. 2015). "The burden of proof for a Rule

---

[3] Plaintiff's job applications are referred to in her Complaint and central to her failure to hire claim. Additionally, they were part of the administrative record submitted to the EEOC. Therefore, this Court can properly consider them in deciding a Rule 12(b)(6) motion.

12(b)(1) motion to dismiss is on the party asserting jurisdiction." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist." *Id.*; *see also Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). Here, UTRGV moves to dismiss Plaintiff's ADA claims, to the extent said claims are asserted against UTRGV,[4] for lack of subject-matter jurisdiction because they are barred by sovereign immunity.

**B.     Arguments & Authorities**

Plaintiff's First Amended Complaint asserts that UTRGV "discriminated against [Plaintiff] on the basis of her disability in regard to job application procedures, the hiring, advancement, or discharge of Plaintiff, job training, and other terms, conditions, and privileges of employment . . . [and] retaliated against [Plaintiff] in response to her complaints about harassment and in response to her opposition to being excluded from employment at UTRGV." Dkt. 5, ¶ 1. Although not explicit in Plaintiff's First Amended Complaint, to bring disability discrimination claims in the context of an employer-employee relationship under the Americans with Disabilities Act ("ADA"), Plaintiff is necessarily asserting a claim under Title I, which covers disability discrimination/harassment in the employment context. *See* 42 U.S.C. § 12112. As such, to the extent Plaintiff's ADA claims are brought against UTRGV, they are barred by sovereign immunity. *See Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) ("As the Supreme Court recently held . . . , Congress did not abrogate the states' sovereign immunity in enacting Title I of the ADA.") (citing *Bd. of Trustees of Univ. of Alabama v. Garrett*, 531 U.S.

---

[4] Plaintiff's First Amended Complaint also asserts claims pursuant to the ADA against Defendants Mercy Azeke, Vera Ruiz, Michael James, and Guy Bailey, (the "Individual Defendants") in their official capacities. Dkt. 5, ¶¶ 69-76. The Individual Defendants waived service of Plaintiff's First Amended Complaint on September 30, 2021, pursuant to Fed. R. Civ. P. 4(d). As such, Plaintiff's ADA claims against the Individual Defendants will be addressed in a separate responsive pleading.

356, 365–74 (2001)); *see also Arredondo v. Univ. of Texas Med. Branch at Galveston*, No. 3:16-CV-238, 2017 WL 3287589, at *5 (S.D. Tex. Aug. 2, 2017) ("Texas did not waive its Eleventh Amendment immunity for ADA Title I claims"). Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's ADA claims to the extent such claims are asserted against UTRGV, and they should be dismissed with prejudice.

### IV. MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

**A.  Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. To avoid dismissal, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. This pleading standard does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts must accept all factual allegations as true, but they "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc*., 407 F.3d 690, 696 (5th Cir. 2005).

In deciding a Rule 12(b)(6) motion, a court may not look beyond the pleadings. See *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Tex. v. AFIA*

*Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)). However, for purposes of determining a Rule 12(b)(6) motion, the pleadings include documents attached to the motion to dismiss so long as they "are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)). The court may also consider matters that are outside the pleadings if those materials are matters of public record. See *Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (citing *Davis v. Bayless*, 70 F.3d 367, 372 n. 3 (5th Cir. 1995)). Documents contained in the EEOC's administrative record, such as the EEOC charge, are public records of which the court can take judicial notice and consider in a motion to dismiss. *See Cinel*, 15 F.3d at 1343 n.6; *Prewitt*, 927 F. Supp.2d at 447–48; *King*, 809 F.Supp.2d at 579 n. 1; *Kojin*, 339 F. Supp.2d at 925.

B.     **Arguments & Authorities**

    1.     <u>Plaintiff's Rehabilitation Act Claim Is Time-Barred.</u>

Plaintiff's Rehabilitation Act discrimination claims were filed more than three years after Plaintiff's termination and more than two years after Plaintiff knew or should have known of UTRGV's explicit refusal to re-hire Plaintiff because HR was not forwarding her job applications to the hiring departments for consideration.

The Rehabilitation Act does not specify a statute of limitations. The limitations period is therefore governed by 42 U.S.C. § 1988(a), which directs the court to 1) follow federal law if federal law provides a limitations period; 2) apply the common law, as modified by state constitution or statute, if no limitations period is provided by federal law; but 3) apply state law only if it is not inconsistent with the Constitution and laws of the United States. *Hickey v. Irving Indep. Sch. Dist.*, 976 F.2d 980, 982 (5th Cir. 1992). Since no federal law provides an applicable

statute of limitations, the two-year statute of limitations applied to personal injury actions under Texas state law applies to Rehabilitation Act claims. *Id.* at 982-983.

While the statute of limitations is governed by state law, claim accrual is governed by federal law. *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). "Under federal law, a cause of action arises when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* (citation and quotation omitted). This means that the limitations period "begins to run from the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Helton v. Clements*, 832 F.2d 332, 334–35 (5th Cir.1987); See also *Burfield v. Brown, Moore & Flint*, 51 F.3d 583, 589 (5th Cir.1995) (ADA cause of action arises when employee receives unequivocal notice of facts giving rise to his claim or when a reasonable person would know of the facts giving rise to a claim).

Here, Plaintiff filed her Original Complaint on July 19, 2021. Dkt. 1. The factual allegations in Plaintiff's Original and First Amended Complaints primarily concern her termination from UTRGV's School of Medicine on April 9, 2018. Dkt. 5, ¶¶ 32-57. Since Plaintiff's Original Complaint was filed more than three years after her termination, any Rehabilitation Act claim based on Plaintiff's termination is barred by the applicable two-year statute of limitations.

Similarly, Plaintiff's discrimination claim based on UTRGV's failure to hire her is also barred by the two-year statute of limitations. Plaintiff admits that on July 11, 2018, UTRGV informed Plaintiff that she would not be considered for any employment positions following her termination. Dkt. 5, ¶¶ 60-61; Ex. A. This July 11, 2018, email exchange, which is central to Plaintiff's claim, reveals that Plaintiff was informed as early as June 28, 2018, that, since she had been discharged, her applications would not be selected by HR to be forwarded to the hiring

departments for consideration. **Ex. A** at 2. HR then confirmed on July 11, 2018, that she should seek employment outside of UTRGV but "may be considered for employment with UTRGV, once you have had a sustained, successful employment experience elsewhere." Dkt. 5, ¶ 61; **Ex. A** at 1. As such, there can be no dispute that Plaintiff knew no later than July 11, 2018, that UTRGV was not going to rehire her after she was fired, and any claim based on UTRGV's decision not to hire Plaintiff for any other employment positions should have been brought on or before July 11, 2020. Plaintiff failed to do so, and her discrimination claim for failure to hire should therefore be dismissed for failure to state a claim.

Even if this Court were to decide that Plaintiff was not on notice on July 11, 2018, of UTRGV's decision not to rehire her, any claim based on a job application submitted before July 19, 2019, is barred by the statute of limitations. Per Plaintiff's EEOC charge, she has applied for three positions in the last two years. **Ex. B** at 2. Plaintiff applied to be an Outreach Representative I and a College Readiness Coordinator on November 16, 2019, and an Academic Advisor I on December 2, 2019. **Ex. B** at 2. If this Court is not inclined to dismiss Plaintiff's discrimination claim outright, UTRGV alternatively requests that this Court dismiss all Rehabilitation Act claims based on job applications submitted prior to July 19, 2019, based on the two-year statute of limitations. Moreover, as set forth below, even claims based on job applications submitted within the last two years should be dismissed for failure to state a claim for which relief can be granted.

2. Plaintiff Failed to State a Plausible *Prima Facie* Claim for Discrimination.

Section 504 of the Rehabilitation Act of 1973 provides that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of his or her disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). This provision "broadly prohibit[s] discrimination against disabled persons in federally assisted

programs or activities." *D.A. ex rel. Latasha A. v. Hous. Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010).

Rehabilitation Act claims follow the same standards as the ADA and, like ADA claims, utilize the *McDonnell-Douglas* burden shifting framework. 29 U.S.C. § 794(d); *Milton v Nicholson*, 256 Fed. Appx. 655, 657(5th Cir. 2007); *McInnis v. Alamo Community College District*, 207 F.3d 276, 279 (5th Cir.2000); see also *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-804 (1973). At this stage, Plaintiff must plead sufficient facts on all of the *prima facie* elements of her disability discrimination claim to make her case plausible. *See Besser v. Tex. Gen. Land Office*, 834 Fed. Appx. 876, 886 (5th Cir. 2020) (ADA context); *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (Title VII discrimination context); *Taylor v. Hartley*, 488 F. Supp. 3d 517, 544 (S.D. Tex. 2020) (rehabilitation Act context). To state a *prima facie* discrimination claim under the Rehabilitation Act, a plaintiff must prove that (1) she is an "individual with a disability"; (2) otherwise qualified for the position; (3) the defendant is a "program or activity receiving Federal financial assistance"; and (4) she was discriminated against "solely by reason of her or his disability." *Washburn v. Harvey*, 504 F.3d 505, 508-09 (5th Cir. 2007). "The proper question to be asked in a Rehabilitation Act claim is whether the discrimination took place 'solely because of' the disability." *Soledad v. U.S. Dept. of Treasury*, 304 F.3d 500, 505 (5th Cir. 2002); *see also Pinkerton v. Spellings*, 529 F.3d 513, 516 (5th Cir. 2008).

To begin, Plaintiff fails to allege that UTRGV receives or benefits from federal financial assistance.[5] Even if this omission were to be overlooked by the Court, Plaintiff's discrimination claim fails because Plaintiff does not assert that she was discriminated against "solely by reason of" her alleged disability. Legal conclusions aside, Plaintiff's Rehabilitation Act claim merely

---

[5] UTRGV reserves the right to challenge all *prima facie* case requirements in this matter, but for purposes of this motion only challenges deficiencies related to the third and fourth requirements.

alleges that she was treated "in an adverse way" and fails to allege that this different treatment was solely because of her claimed disability. Dkt. 5, ¶ 66. Plaintiff's allegations also belie a finding that UTRGV's failure to re-hire her was "solely by reason of" her alleged disability. Over half of the factual allegations in Plaintiff's First Amended Complaint focus on her prior employment and discharge from UTRGV. Dkt. 5, ¶¶ 32-57. Plaintiff alleges that she was immediately concerned regarding how her termination would impact her ability to obtain other employment with UTRGV. Dkt. 5, ¶ 57. She also asserts her belief that other *terminated* UTRGV employees were treated differently and referred to other positions internally, without reference to whether those employees were disabled. (Dkt. 1, ¶ 59).[6]

UTRGV did not hire Plaintiff because she had been fired for performance issues, not because she claims to have a disability—let alone solely because of her disability. Her status as a discharged, former employee is central to her failure to hire claim and to UTRGV's alleged actions. Plaintiff's July 11, 2018, email to HR lamenting that she was not being considered for positions focuses on her prior termination and does not make a single reference to Plaintiff's disability or any prior discriminatory treatment attributed to her disability. **Ex. A**. HR informed Plaintiff that she would not be considered for positions because she had been fired. **Ex. A**.

Moreover, Plaintiff does not allege any facts that would allow the court to draw the reasonable inference that UTRGV's HR department knew she had an alleged disability at the time of any of Plaintiff's job applications. In fact, per Plaintiff's First Amended Complaint, UTRGV's HR department was never made aware of her claimed disability during her employment. Dkt. 5,

---

[6] The Fifth Circuit has held that when a plaintiff's Rehabilitation Act claim is based on circumstantial evidence, similar to an ADA Title I claim, the plaintiff must allege that they were replaced by or treated less favorably than similarly situated, non-disabled employees. *See, e.g., Milton v. Nicholson*, 256 Fed. Appx. 655, 657 (5th Cir. 2007). Plaintiff has not alleged that she was replaced with a non-disabled individual or that she was treated differently than non-disabled applicants.

¶¶ 38, 42. Following her termination, Plaintiff voluntarily self-identified and certified to UTRGV on each job application that she was not disabled. **Ex. C** at 15; **Ex. D** at 15; **Ex. E** at 15. Without allegations that the HR department knew of Plaintiff's disability, Plaintiff fails to state a claim that they discriminated against her solely because of Plaintiff's disability in failing to hire her. Plaintiff's Rehabilitation Act claims should therefore be dismissed pursuant to Rule 12(b)(6).

## V.    CONCLUSION AND PRAYER FOR RELIEF

Plaintiff's ADA claims, to the extent they are asserted against UTRGV, are barred by sovereign immunity. Additionally, Plaintiff has failed to state a timely claim for disability discrimination under the Rehabilitation Act. As such, UTRGV respectfully requests that this Court grant its Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, dismiss Plaintiff's claims against UTRGV with prejudice, and grant it any further just and proper relief.

Date: October 11, 2021

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

THOMAS A. ALBRIGHT
Chief for General Litigation Division

*/s/ Melinda J. Wetzel*
**MELINDA J. WETZEL**
Texas Bar No. 24115637
Assistant Attorney General

General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
DIRECT: (512) 475-4651
FAX: (512) 320-0667
mindy.wetzel@oag.texas.gov

**COUNSEL FOR DEFENDANT**
**THE UNIVERSITY OF TEXAS RIO GRANDE VALLEY**

### CERTIFICATE OF FILING AND SERVICE

On October 11, 2021 the undersigned attorney filed the foregoing document with the Clerk of the Court for the Southern District of Texas and served a true and correct copy of the foregoing to all counsel of record in compliance with the Federal Rules of Civil Procedure.

Lisa Y. Guerra
William Daniel Mount, Jr.
Katie Pearson Klein
Dale & Klein LLP
1100 E. Jasmine Ave. Ste. 202
McAllen, Texas 78501
lisag@daleklein.com
wmountjr@hotmail.com
office@daleklein.com

**COUNSEL FOR PLAINTIFF**

/s/ Melinda J. Wetzel
MELINDA J. WETZEL
Assistant Attorney General